IN UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------x
```

XENOPHON PAPANIKOLAOU          **COMPLAINT - CIVIL AND
                               ADMIRALTY**

Plaintiff,

-against-

ATLANTIC SHIP AGENCIES, INC.,       Not a Class Action
CORONA SPECIAL MARITIME             Suit by a seaman without
ENTERPRISE and KRISTEN              Prepayment of Fees and
NAVIGATION, INC.                    Pursuant to to 28 U.S.C. §1916

Defendants.

```
-----------------------------------------------x
```

### JURY TRIAL DEMANDED

Plaintiff claims of the defendants damages upon the following causes of action:

### FIRST CAUSE OF ACTION

1.  Plaintiff is a seaman who resides in Greece.

2.  Defendant ATLANTIC SHIP AGENCIES, INC. is a corporation which does business in the state in which this District Court sits.

3.  Defendant CORONA SPECIAL MARITIME ENTERPRISE is a foreign company organized and existing pursuant to the law of Greece and located in Piraeus, Greece which does business in the state in which this District Court sits.

4.  Defendant KRISTEN NAVIGATION, INC. is a foreign company organized and existing pursuant to the law of Greece and located in Piraeus, Greece which does business in the state in which this District Court sits.

-1-

5.    The jurisdiction of this Court over this First Cause of Action arises under and by virtue of the Jones Act, 46 U.S.C. § 30401 et seq., the General Maritime Law and the Admiralty jurisdiction of the United States under 28 U.S.C. § 1333. Nothing in these jurisdictional allegations are to be construed as a waiver of the plaintiff's right to a jury trial in plaintiff's action at law under the Jones Act, nor of the right to have all of the claims asserted herein tried to a jury, at plaintiff's option, as permitted under Fitzgerald v. United States Lines Company, 374 U.S. 16 (1963).

6.    At all times pertinent, the M/T ASTRO CORONA was and is an oceangoing tanker sailing under the flag of the nation of Greece.

7.    At all times pertinent, the BREAKWATER was and is an oceangoing 48-foot motor crewboat tanker sailing under the flag of the United States of America..

8.    At all times material hereto, defendant ATLANTIC SHIP AGENCIES, INC. was acting as agent of, in the interest of and on behalf of the defendant CORONA SPECIAL MARITIME ENTERPRISE.

9.    At all times material hereto, defendant ATLANTIC SHIP AGENCIES, INC. was acting as agent of, in the interest of and on behalf of the defendant KRISTIN NAVIGATION, INC.

10.    At all times material hereto, defendant ATLANTIC SHIP AGENCIES, INC. owned the M/T ASTRO CORONA.

11.    At all times material hereto, ATLANTIC SHIP AGENCIES, INC. possessed the M/T ASTRO CORONA.

12.    At all times material hereto, ATLANTIC SHIP AGENCIES, INC. managed the

M/T ASTRO CORONA.

13.    At all times material hereto, ATLANTIC SHIP AGENCIES, INC. operated the M/T ASTRO CORONA.

14.    At all times material hereto, ATLANTIC SHIP AGENCIES, INC. controlled the M/T ASTRO CORONA.

15.    At all times material hereto, ATLANTIC SHIP AGENCIES, INC. was the M/T ASTRO CORONA.'s bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

16.    At all times material hereto CORONA SPECIAL MARITIME ENTERPRISE owned the M/T ASTRO CORONA.

17.    At all times material hereto, CORONA SPECIAL MARITIME ENTERPRISE possessed the M/T ASTRO CORONA..

18.    At all times material hereto, CORONA SPECIAL MARITIME ENTERPRISE managed the M/T ASTRO CORONA..

19.    At all times material hereto, CORONA SPECIAL MARITIME ENTERPRISE operated the M/T ASTRO CORONA..

20.    At all times material hereto, CORONA SPECIAL MARITIME ENTERPRISE controlled the M/T ASTRO CORONA..

21.    At all times material hereto, CORONA SPECIAL MARITIME ENTERPRISE was the M/T ASTRO CORONA.'s bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

22.    At all times material hereto KRISTEN NAVIGATION, INC. owned the M/T

ASTRO CORONA.

23. At all times material hereto, KRISTEN NAVIGATION, INC. possessed the M/T ASTRO CORONA.

24. At all times material hereto, KRISTEN NAVIGATION, INC. managed the M/T ASTRO CORONA.

25. At all times material hereto, KRISTEN NAVIGATION, INC. operated the M/T ASTRO CORONA.

26. At all times material hereto, KRISTEN NAVIGATION, INC. controlled the M/T ASTRO CORONA.

27. At all times material hereto, KRISTEN NAVIGATION, INC. was the M/T ASTRO CORONA.'s bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

28. At all times material hereto DELAWARE BAY LAUNCH SERVICES, INC. owned the vessel BREAKWATER.

29. At all times material hereto, DELAWARE BAY LAUNCH SERVICES, INC. possessed the BREAKWATER

30. At all times material hereto, DELAWARE BAY LAUNCH SERVICES, INC. managed the BREAKWATER.

31. At all times material hereto, DELAWARE BAY LAUNCH SERVICES, INC. operated the BREAKWATER

32. At all times material hereto, DELAWARE BAY LAUNCH SERVICES, INC. controlled the BREAKWATER.

33.     At all times material hereto, DELAWARE BAY LAUNCH SERVICES, INC. was

the vessel BREAKWATER's bareboat charterer, and/or was the owner pro hac vice

thereof, in coastwise, inter-coastal and foreign commerce.

34.     The vessel BREAKWATER presently is, or during the pendency of this action, will

be within the Federal Judicial District in which this action has been commenced.

35.     On or about April 27, 2005, plaintiff was in the employ of the defendant CORONA

SPECIAL MARITIME  ENTERPRISE as a member of the crew of the vessel M/T

ASTRO CORONA at the rate of pay and for the term set forth in his employment

contract, and/or the shipping articles, with the entitlement to bonus, found and

overtime.

36.     On or  about April 27, 2005, plaintiff was in the employ of the defendant KRISTEN

NAVIGATION, INC. as a member of the crew of the vessel M/T ASTRO CORONA

at the rate of pay and for the term set forth in his employment contract, and/or the

shipping articles, with the entitlement to bonus, found and overtime.

37.     On or about April 27, 2005, plaintiff, while the vessels M/T ASTRO CORONA and

BREAKWATER were in navigable waters, specifically Delaware Bay, plaintiff, in

the course of his employment, pursuant to orders and while in the performance of his

duties, because of the unsafe and unseaworthy condition of the vessels and the

negligence of the defendants, was caused to sustain the serious injuries more

specifically set forth hereunder.

38.     On or about April 27, 2005, plaintiff, while in the course of his employment, and

with the consent and knowledge of each of the defendants, was performing labors in

-5-

furtherance of the M/T ASTRO CORONA's owners' business. While in the process of so doing, plaintiff was caused to suffer the serious injuries more fully set forth herein.

39. The defendants had a non-delegable duty to provide plaintiff a safe place to work.

40. Plaintiff's injuries were caused by the negligence of the defendants jointly and severally, by their agents, servants, workmen and employees and by the unseaworthiness of the vessel, and by the defendants' breach of their obligation to provide prompt and adequate medical care, treatment, maintenance and cure.

41. Solely by reason of the negligence of the defendants jointly and severally, and the unseaworthiness of the vessels as set forth above, plaintiff's muscles, nerves, tendons, blood vessels and ligaments were severely wrenched, sprained, bruised and otherwise injured; he sustained herniated disks in his spine; he sustained internal injuries, the full extent of which is not yet known; he sustained severe injury and shock to his nerves and nervous system; he has in the past required and will in the future require medical treatment, care and attention; he has in the past been and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been, presently is, and will in the future, continue to be disabled from performing his usual duties, occupations and avocations; and has in the past, and will in the future, suffer a loss of earnings.

42. By reason of the foregoing, plaintiff claims compensatory damages in an amount to be determined by the trier of fact.

## SECOND CAUSE OF ACTION

43.   Plaintiff claims of the defendant KRISTEN NAVIGATION, INC. maintenance, cure and wages, and if warranted, punitive damages and attorneys fees, in such amount as may be determined by the Court upon the following cause of action:

44.   Plaintiff repeats and realleges each and every of the foregoing allegations with the same force and effect as if fully set forth and repeated herein.

45.   The jurisdiction of this Court over this second cause of action arises under and by virtue of the Admiralty jurisdiction of the District Courts of the United States.

46.   Because of plaintiff's injuries, as aforesaid, plaintiff is entitled to maintenance and cure which is unpaid.

47.   Plaintiff, by virtue of his service upon the said vessel, claims maintenance, cure and wages and, if warranted, punitive and exemplary damages and attorneys fees in an amount which the Court shall deem just and proper upon the trial of this cause.

48.   All and singular, the premises contained in the second cause of action are true and within the Admiralty and Maritime jurisdiction of the United States and this Honorable Court.


WHEREFORE, plaintiff prays that judgment be entered against the defendants, and,

1.    That citation issue against defendant ATLANTIC SHIP AGENCIES, INC. to appear and answer all the matters aforesaid;

3.    That citation issue against defendant CORONA SPECIAL MARITIME ENTERPRISE to appear and answer all the matters aforesaid;

-7-

4.      That citation issue against defendant KRISTEN NAVIGATION, INC. to appear and

answer all the matters aforesaid;

5       That this Honorable Court enter judgment for plaintiffs in accordance with the sums

set forth as aforesaid together with interest, costs and counsel fees;

6.      That judgment be entered against the defendants for compensatory damages in the

amount found by the trier of fact, and for such maintenance, cure and wages as the

Court may determine to be due and owing upon the trial of this cause, and for such

interest, costs, punitive damages and counsel fees as the Court may deem just and

proper.

Charles S. Knothe, P. A.

By: _____
      Charles S. Knothe, Esquire
      Attorney for Plaintiff
      14 The Commons
      3516 Silverside Road
      Wilmington, DE 19810
      (302) 478-8800

HOFMANN & ASSOCIATES
Attorneys for Plaintiff
Lawrence A. Arcell
360 West 31st Street
Suite 1506
New York, New York 10001
Phone: 212-465-8840
Fax:  212-465-8849

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

XENOPHON PAPANIKOLAOU

**(b)** County of Residence of First Listed Plaintiff   GREECE
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS

ATLANTIC SHIP AGENCIES, INC., CORONA SPECIAL
MARITIME ENTERPRISE, KRISTEN NAVIGATION, INC., and

County of Residence of First Listed Defendant   NEW JERSEY
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government
  Plaintiff
- ☐ 2  U.S. Government
  Defendant
- ☐ 3  Federal Question
  (U.S. Government Not a Party)
- ☒ 4  Diversity
  (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                       and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☒ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
46 USC 30104, GENERAL MARITIME LAWS

Brief description of cause:
MARITIME PERSONAL INJURY IN DELAWARE BAY

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE   Joseph J. Farnan, Jr.   DOCKET NUMBER  CA 06-595-JJF

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

FILED
CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2008 APR 17 AM 10: 10

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 2 1 8 _____

# ACKNOWLEDGMENT
## OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____4_____ COPIES OF AO FORM 85.

_____4-17-08_____                    _____
(Date forms issued)                    (Signature of Party or their Representative)

                                       _____Jason Stowell_____
                                       (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action